IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCO MCKINNIE,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **TINICUM TOWNSHIP, SERGEANT** | : | |
| **WILLIAM YOUNG, EDDYSTONE** | : | |
| **BOROUGH, OFFICER ROBERT PUGH,** | : | **NO. 25-444** |
| **OFFICER JAMES MCTIGHE and** | : | |
| **OFFICER PAUL GLIEM,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                              December 23, 2025

Plaintiff Marco McKinnie brings this suit against Defendants alleging that he was subjected to an illegal search and seizure in violation of the Fourth and Fourteenth Amendments (Count I), ECF No. 41 (Second Amended Complaint, hereinafter "SAC") ¶¶ 41–48, and a malicious prosecution by the Defendants in violation of 42 U.S.C. § 1983 (Count II), *id.* ¶¶ 49–52. Plaintiff also brings claims against Defendants Tinicum Township and Eddystone Borough for failure to train their respective police departments (Count III), *id.* ¶¶ 53–56, maintaining an unconstitutional policy, practice, or custom (Count IV), *id.* ¶¶ 57–63, and failure to implement policies, practices, and procedures for warrantless searches (Count V), *id.* ¶¶ 64–65, in violation of 42 U.S.C. § 1983.

Presently before the Court are two motions to dismiss: (1) Defendants Tinicum Township, Officer William Young, and Officer James McTighe's (together, the "Tinicum Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 42) and (2) Defendants Eddystone Borough, Officer Robert Pugh, and Officer Paul Gliem's (together, the "Eddystone

Defendants") Motion to Partially Dismiss Plaintiff's Second Amended Complaint (ECF No. 44). The Tinicum Defendants move to dismiss all five counts, and the Eddystone Defendants move to dismiss Counts II through V in their entirety and Count I only to the extent that it purports to allege Equal Protection violations under the Fourteenth Amendment.

For the reasons set forth below, the Court will grant in part and deny in part the Tinicum Defendants' Motion to Dismiss (ECF No. 42) and grant in full the Eddystone Defendants' Partial Motion to Dismiss (ECF No. 44). Counts II through V are dismissed in their entirety, and all claims under the Fourteenth Amendment in Count I are dismissed. Plaintiff's claims under the Fourth Amendment against the individual Defendants remain.

## I.   BACKGROUND

The facts are taken from the Second Amended Complaint and are accepted as true at the motion-to-dismiss stage. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). On September 21, 2022, Plaintiff was driving his brother's car when he was pulled over at the intersection of Industrial Highway and Pusey Avenue in Chester City, Pennsylvania, by Defendant Officers Pugh and Gliem of Eddystone Township and Defendant Officers Young and McTighe of Tinicum Township, who suspected that the car was stolen. SAC ¶¶ 12–13. After Defendant Officers boxed in the car Plaintiff was driving and ordered all occupants to get out of the car at gunpoint, Plaintiff complied and exited the car, at which point Defendant Officers placed Plaintiff in handcuffs but did not read Plaintiff his *Miranda* rights. *Id.* ¶¶ 14–17.

Due to an administrative police error, Defendant Officers pulled Plaintiff over on the mistaken belief that the car he was driving was stolen. *Id.* ¶ 18. The car that Plaintiff was driving had been stolen but was recovered weeks before the September 21, 2022 incident. *Id.* ¶ 19. Defendant Officers spoke on the phone with Plaintiff's father and learned that while the car had been reported stolen weeks ago, it was found a few hours after it was reported stolen and should

have been taken out of the stolen vehicle system. *Id.* ¶ 20. Defendant Officers and Plaintiff's father then talked about sending the car's registered owner, Plaintiff's brother, to the location of the stop to pick up the car. *Id.* ¶¶ 19, 22. At this time, Defendant Officers had confirmed that the car was not stolen. *Id.* ¶ 21.

Plaintiff alleges that Defendant Officers then proceeded to conduct an illegal search of the car. *Id.* ¶ 23. Defendant Officers placed Plaintiff in the rear of a police vehicle while they searched the car. *Id.* ¶ 24. Upon finding a backpack in the car, Defendant Young asked Plaintiff who owned the backpack, to which Plaintiff responded that the backpack belonged to him. *Id.* ¶¶ 25–26. At no time did Defendant Officers read Plaintiff his *Miranda* rights. *Id.* ¶ 27.

Plaintiff was criminally charged in the Court of Common Pleas of Delaware County with (1) 35 Pa. Stat. § 780-113(a)(30), possession with intent to distribute; (2) 35 Pa. Stat. § 780-113(a)(18), intent to possess a controlled substance; (3) 35 Pa. Stat. § 780-113(a)(33), intent to deliver controlled substances; (4) 35 Pa. Stat. § 780-113(a)(32), possession of controlled substance; (5) 35 Pa. Stat. § 780-119(a)(32), possession of marijuana; (6) 18 Pa. Stat. § 907B, possession of a weapon; and (7) 75 Pa. Stat. § 3802(a)(1), impaired driving. SAC ¶ 28. On September 25, 2023, Plaintiff moved to suppress all physical evidence obtained as a result of Defendant Officers' search of the car he was driving as well as all statements made prior to being read his *Miranda* rights. *Id.* ¶ 29. At a hearing held on April 17, 2024, the state court found that no exceptions to the warrant requirement applied to the Defendant Officers' search and ordered that all physical evidence obtained as a result of the search be suppressed. *Id.* ¶¶ 30–33. The state court also ordered that all statements made by Plaintiff be suppressed because Plaintiff was clearly in custody when the Defendant Officers asked him a question that was likely to elicit an incriminating response in violation of his *Miranda* rights. *Id.* ¶¶ 34–35.

All charges against Plaintiff were subsequently dropped because of the illegal search. *Id.* ¶ 36. Plaintiff alleges that due to the Defendant Officers' illegal search, he was subjected to a criminal investigation, "has experienced mental anguish," "has had difficulties pursuing employment," and "has experienced severe economic and psychological damages." *Id.* ¶¶ 37–40.

On January 27, 2025, Defendants removed the case to this Court from the Court of Common Pleas of Delaware County. ECF No. 1. Plaintiff filed an Amended Complaint on February 25, 2025. ECF No. 10. After being reassigned the case from the Honorable Mitchell S. Goldberg, this Court deemed Plaintiff's Second Amended Complaint filed on September 25, 2025. ECF No. 40. On October 2, 2025, the Tinicum Defendants filed their Motion to Dismiss, ECF No. 42, and on October 9, 2025, the Eddystone Defendants filed their Motion to Dismiss, ECF No. 44. To date, Plaintiff has not responded to either Motion despite the deadline having passed on November 2, 2025. *See* ECF No. 45. Accordingly, the Motion is ripe for consideration and the Court will make its ruling without benefit of the Plaintiff's position.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 663.

### III.   DISCUSSION

The Tinicum Defendants move for the Court to dismiss the Second Amended Complaint in its entirety, and the Eddystone Defendants move for the Court to dismiss Counts II through V of the Second Amended Complaint in their entirety and Count I only to the extent that it purports to allege Equal Protection violations under the Fourteenth Amendment. For the reasons discussed below, the Court will grant the Motions to Dismiss as to Counts II through V as well as all Equal Protection claims under the Fourteenth Amendment in Count I without prejudice, and will deny the Tinicum Defendants' Motion to Dismiss as to the Fourth Amendment illegal search and seizure claim in Count I.

The vehicle through which Plaintiff seeks relief against Defendants for alleged constitutional violations is 42 U.S.C. § 1983. *See* SAC ¶ 44. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff has alleged that the individual Defendants were on-duty police officers of either Tinicum Township or Eddystone Township when they stopped and searched Plaintiff. SAC ¶ 12. Thus, Plaintiff has sufficiently pled that the Defendant Officers were acting under color of state law. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (indicating without analysis that municipal officials act under color of state law). The Court now turns to an analysis of each alleged constitutional violation to determine whether Plaintiff has adequately stated a claim for relief.

### A. Plaintiff's Fourth Amendment Claim Against the Individual Defendants Survives the Motion to Dismiss

Plaintiff alleges that Defendants subjected him to an illegal search and seizure in violation of the Fourth Amendment in Count I of the Second Amended Complaint. SAC ¶¶ 41–48. The Tinicum Defendants move to dismiss Count I in its entirety. ECF No. 42-1 at 6–7. The Court will address Plaintiff's claims under the Fourth Amendment first and will turn to his claims under the Fourteenth Amendment next.

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (quoting U.S. Const. amend. IV). To recover damages for a violation of his Fourth Amendment rights, Plaintiff must prove "that the search and seizure were illegal." *Gresh v. Godshall*, 170 F. App'x 217, 220 (3d Cir. 2006) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)). Whether Defendants' search of the car Plaintiff was driving was illegal turns on whether Defendants had probable cause to search the car. *Id.* At the time that Defendants stopped Plaintiff and searched the car, Defendants did not have a search warrant to do so. *See* SAC ¶¶ 12–25, 33.

There are several exceptions to the warrant requirement, including the automobile exception, which "permits law enforcement to seize and search an automobile without a warrant if probable cause exists to believe it contains contraband." *U.S. v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002) (internal quotation marks and citation omitted). "Probable cause exists when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Gresh*, 170 F. App'x at 220 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In a § 1983 action, the question of probable cause is generally one for the jury, especially where the credibility of witnesses is involved. *Merkle v. Upper Dublin Sch. Dist.*,

6

211 F.3d 782, 788 (3d Cir. 2000). However, a district court may determine that probable cause exists as a matter of law "if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Id.* at 788–89 (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)).

Here, the facts alleged in the Second Amended Complaint do not definitively show that Defendants had probable cause to search the car Plaintiff was driving after confirming that the car was not stolen. *See* SAC ¶¶ 18–22. The Tinicum Defendants argue that "Plaintiff does not contend that whatever was in the car would not have been discovered by the police following his arrest either by a necessary inventory search of the vehicle before it was towed that would not require a warrant or by obtaining a search warrant." ECF No. 42-1 at 7. However, the fact that the contents of the car would have been discovered by Defendant Officers in a legal way does not negate Defendants' lack of probable cause and turn an otherwise illegal search into a legal one. Therefore, the Court cannot determine that Defendants had probable cause to search Plaintiff's car as a matter of law, and Plaintiff's claims under the Fourth Amendment in Count I survive the Tinicum Defendants' Motion to Dismiss. *See Rios v. City of Bayonne*, Civ. No. 2:12-4716, 2013 WL 6008481, at *5 (D.N.J. Nov. 12, 2013) (denying police officers' motion to dismiss where plaintiff's allegations did not compel the conclusion that probable cause existed as a matter of law given the parties' differing accounts of the events that unfolded).

As a separate matter, the Tinicum Defendants argue, without citing any case law, that Plaintiff's claims in Count I constitute improper group pleading "that does not apprise any of the defendants as to the nature of the claim against any." ECF No. 42-1 at 6. The Second Amended Complaint specifies that the four individual Defendant Officers were all personally involved in the allegedly illegal search and seizure of Plaintiff's vehicle. *See* SAC ¶¶ 12–27. Although Plaintiff

does not "identify specifically who seized and searched the backpack," ECF No. 42-1 at 7, the four Defendant Officers are nonetheless on notice that they are each being sued for "their personal involvement" in the search and seizure in violation of Plaintiff's Fourth Amendment rights, ECF No. 42-1 at 7; *see* SAC ¶¶ 41–48, and the precise details of each individual Officer's actions or inactions at the time of the search and seizure are facts to be uncovered during discovery. *Cf. Cupp v. County of Lycoming*, No. 3:20-cv-001784, 2021 WL 4478304, at *5 (M.D. Pa. Sept. 30, 2021) (finding that group pleading lumping together sixteen defendants with various job titles without setting forth what each defendant is alleged to have done is impermissibly vague).

To the extent that Plaintiff brings Fourth Amendment claims for illegal search and seizure against Defendants Tinicum Township and Eddystone Borough, those claims are dismissed. Municipalities cannot be held liable under § 1983 for the actions of their employees. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). Municipalities can only be sued directly under § 1983 for the policies and customs promulgated by decisionmakers. *Id.* at 690–91. These claims are discussed in Part D, *supra*. While Plaintiff does not specify in his Second Amended Complaint whether claims are brought against the individual Defendants in their individual or official capacity, to the extent that Plaintiffs are suing the Defendant Officers in their official capacity, those claims are dismissed. Section 1983 suits against individuals in their official capacities "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Accordingly, only Plaintiff's claims under the Fourth Amendment in Count I against the Defendant Officers in their individual capacity survive.

### B. Plaintiff Fails to State a Claim Under the Equal Protection Clause of the Fourteenth Amendment

Plaintiff also alleges that Defendants violated his Fourteenth Amendment rights under the Equal Protection Clause in Count I of his Second Amended Complaint. SAC ¶¶ 41–48. All Defendants move to dismiss Count I to the extent it states a claim under the Fourteenth Amendment. ECF No. 42-1 at 5–6; ECF No. 44 at 10–13.

The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1, "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a plausible Equal Protection claim under the Fourteenth Amendment, a plaintiff must allege that "he was treated differently than other similarly situated [individuals], and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *El-Bey v. Allentown Police Dep't*, No. 23-cv-652, 2023 WL 3594145, at *10 (E.D. Pa. May 22, 2023) (alteration in original) (quoting *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016)).

Where a plaintiff does not allege membership in a protected class, the Supreme Court has recognized a "class of one" theory. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To state an Equal Protection claim under the "class of one" theory, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* Whether stating a claim as a member of a protected class or as a "class of one," a plaintiff is required to allege different treatment compared to others similarly situated. "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks and citation omitted).

In his Second Amended Complaint, Plaintiff does not identify any similarly situated individuals nor does he allege that he was treated differently from similarly situated individuals. Plaintiff also fails to allege that he is a member of a protected class and that Defendants intentionally discriminated against him for that reason. To the extent that Plaintiff is attempting to assert a race-based Equal Protection claim, *see* SAC ¶ 4, Plaintiff is required to allege that Defendants' actions were motivated by racial animus. *El-Bey*, 2023 WL 3594145, at *11 n.8 (citing *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989)). Plaintiff has not done so. Therefore, the Court finds that the Second Amended Complaint does not sufficiently allege facts giving rise to a violation of the Equal Protection Clause and accordingly, the Court dismisses all claims asserted under the Fourteenth Amendment in Count I without prejudice.

### C.  Plaintiff Fails to State a Claim for Malicious Prosecution

Plaintiff brings a claim for malicious prosecution under 42 U.S.C. § 1983 in Count II of the Second Amended Complaint, alleging that "Defendants initiated a meritless criminal proceeding against Plaintiff." SAC ¶ 50. All Defendants move to dismiss Count II for failure to state a viable claim for malicious prosecution. ECF No. 42-1 at 7–10; ECF No. 44 at 13–14.

To state a claim for malicious prosecution under § 1983, a plaintiff must allege that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Here, Plaintiff does not allege that Defendants lacked probable cause to bring criminal proceedings against him in state court. In fact, the Second Amended Complaint lacks sufficient detail regarding the circumstances surrounding Plaintiff's criminal charges in state court for the

10

Court to determine whether Defendant Officers had probable cause to bring, *inter alia*, charges against Plaintiff for possession of marijuana, possession of a weapon, and impaired driving. *See* SAC ¶¶ 24–29; *Merkle*, 211 F.3d at 789 (explaining that probable cause arises when there are "terms and circumstances sufficient to warrant a prudent man in believing that the suspect has committed or was committing a crime").

Apart from alleging that Defendants "illegally gathered evidence against Plaintiff in order to have him arrested and charged," SAC ¶ 50, the Second Amended Complaint contains no other allegations detailing Defendants' malicious intent towards Plaintiff. Finally, Plaintiff fails to allege that he suffered a deprivation of liberty, such as any pre-trial detention or restrictions. Plaintiff's allegations that he was temporarily detained during Defendants' allegedly illegal search and seizure, *id.* ¶¶ 16, 24, do not suffice to establish the deprivation of liberty element of a malicious prosecution claim. *See Laufgas v. Patterson*, 206 F. App'x 196, 198 (3d Cir. 2006) (affirming that a two-hour detention following arrest was not a "deprivation of liberty" sufficient for a malicious prosecution claim).

Because Plaintiff fails to adequately allege multiple elements of a malicious prosecution claim, the Second Amended Complaint does not state a viable claim for malicious prosecution. As such, the Court dismisses Count II without prejudice.

### D. Plaintiff Fails to State *Monell* Claims Against the Municipality Defendants

Plaintiff brings three *Monell* claims against Defendants Tinicum Township and Eddystone Borough: (1) a claim for failure to train their respective police departments to prevent the deprivation of equal protection and violations of the Fourth Amendment in Count III, SAC ¶¶ 53–56; (2) a claim for maintaining an unconstitutional policy, practice, or custom "of ignoring the appropriate standards for preventing constitutional violations" in Count IV, *id.* ¶ 58; and (3) a

11

claim for failure to implement policies, practices, and procedures for warrantless searches in Count V, *id.* ¶¶ 64–65. Defendants Tinicum Township and Eddystone Borough move to dismiss Counts III–V for insufficiently stating the elements of a *Monell* claim. ECF No. 42-1 at 10–15; ECF No. 44 at 14–21.

Under *Monell v. Department of Social Services of New York*, a municipality can be held liable for a constitutional violation under § 1983 only where the municipality's policy or custom causes the constitutional injury. 436 U.S. at 694. To state a *Monell* claim for failure to train in Count III, Plaintiff must allege that the "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference can be shown where the failure to train "has caused a pattern of violations." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). In the absence of a pattern of violations, a plaintiff can plead deliberate indifference by showing that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

In the Second Amended Complaint, Plaintiff does not allege a pattern of violations caused by Defendants' failure to train their police officers. Nor does Plaintiff allege any facts to show that the need for training is so obvious based solely upon the Defendant Officers' allegedly illegal search and seizure as described in the Second Amended Complaint. Moreover, because Plaintiff fails to plead beyond a conclusory statement exactly how Defendants' failure to train caused the alleged constitutional violation suffered by Plaintiff, his claim for failure to train is insufficient. *See* SAC ¶ 55 ("Such actions or inactions played a substantial part in bringing about or actually

causing the injury to Plaintiff."); *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 441 (E.D. Pa. 2015) (stating that to state a *Monell* claim for failure to train, a plaintiff must "demonstrate that the failure to train proximately caused his constitutional injury by identifying a particular failure in a training program that is closely related to the ultimate injury") (internal quotation marks and citation omitted); *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005) ("[T]o establish liability on a failure to train claim under § 1983, plaintiffs must identify a failure to provide specific training that has a causal nexus with their injuries[.]") (internal quotation marks and citation omitted).

Counts IV and V implicate Defendants' policies, practices, and customs relating to the prevention of constitutional violations and warrantless searches. SAC ¶¶ 57–65. To properly state a *Monell* claim that a municipality's policy, practice, or custom caused the alleged constitutional violation, a plaintiff must allege facts showing that the policy, practice, or custom was the "moving force" behind the constitutional violation. *City of Canton*, 489 U.S. at 389 (citations omitted); *Monell*, 436 U.S. at 694. To do so, the plaintiff must first identify the relevant policy or custom being challenged. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard [for a *Monell* claim], [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.").

A policy is created when a "decisionmaker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id.* (cleaned up). Custom is found "when, though not authorized by law, such practices of state officials are so permanently and well-settled as to virtually constitute law." *Id.* (cleaned up). A plaintiff may allege that a custom exists by showing that a decisionmaker had knowledge of, and acquiesced to, a particular practice. *Watson v. Abington Township*, 478 F.3d 144, 156 (3d Cir.

13

2007). Here, Plaintiff does not identify in the Second Amended Complaint any specific policy or custom that he claims resulted in the allegedly illegal search and seizure by Defendant Officers. Plaintiff only makes conclusory statements that "Defendants have a policy, custom, or practice of ignoring the appropriate standards for preventing constitutional violations," SAC ¶ 58, and that Defendants "have failed to create a proper policy, practice and/or procedure to ensure its citizens, including Plaintiff, would not be improperly searched in violation of their constitutional rights under the Fourth and Fourteenth Amendments," *id.* ¶ 65. Because Plaintiff fails to specify the exact policy or custom that he is challenging, Plaintiff does not plead viable *Monell* claims in Counts IV and V. *See Cintron v. City of Philadelphia*, No. 19-cv-4078, 2020 WL 2539196, at *5 (E.D. Pa. May 19, 2020) (dismissing *Monell* claim where the "[c]omplaint does not identify a City policy, custom, or practice"). Accordingly, the Court dismisses Counts III through V without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the Tinicum Defendants' Motion to Dismiss (ECF No. 42) and grant in full the Eddystone Defendants' Partial Motion to Dismiss (ECF No. 44). Counts II through V of the Second Amended Complaint are dismissed in their entirety. All claims asserted under the Fourteenth Amendment in Count I are dismissed, and any claims asserted under the Fourth Amendment against the individual Defendants in Count I remain.

An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**